**DAVIS et al., Appellant,**

v.

**KILLING et al., Appellee.**

[Cite as *Davis v. Killing,* 171 Ohio App.3d 400, 2007-Ohio-2303.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2006–T–0045.

Decided May 11, 2007.

Michael A. Ognibene, for appellant.

Patrick K. Wilson, for appellee.

MARY JANE TRAPP, Judge.

{¶ 1} Appellant, Teresa Davis, appeals from a jury verdict rendered in favor of appellee, Richard Killing. For the reasons that follow, we affirm the decision of the trial court.

{¶ 2} **Factual and Procedural History**

{¶ 3} This appeal stems from an automobile collision that occurred on September 24, 2001, at the intersection of U.S. Route 422 and North Road in Trumbull County. The collision occurred when appellant, who was driving west on Route 422, attempted to make a left turn onto North Road and was struck by appellee's vehicle, which was heading east on Route 422. The parties dispute who had the green light at the time of the collision. Appellant testified that she had a green arrow just prior to the collision. However, appellee testified that the traffic light was solid green in his favor. An eyewitness, who was also involved in the collision, was stopped on North Road at a red light. He testified that traffic was moving back and forth on Route 422 and that the lights on Route 422 were green.

{¶ 4} On the first day of trial, the trial court declared a mistrial when it discovered that appellant had spoken with members of the jury during a break. A new trial commenced two days later. In addition to the parties' testimony regarding who had the green light at the time of the collision, appellant also offered, inter alia, the deposition testimony of one of her treating physicians, neurologist Dr. Holly Maggiano, who testified as to appellant's medical conditions.

{¶ 5} In 1995, Dr. Maggiano diagnosed appellant with multiple sclerosis. Dr. Maggiano saw appellant for a regularly scheduled appointment on the afternoon of September 24, 2001, just three or four hours prior to the collision. During that appointment, appellant reported to Dr. Maggiano her continued difficulty walking and told her that she had experienced episodes during which she felt sleepy and had trouble staying awake while talking or driving. Appellant said that during these episodes her eyes would roll to the back of her head.

{¶ 6} Prior to trial, appellant's counsel filed a motion in limine to exclude any reference to appellant's complaints regarding her eyes and sleepiness while driving. The court overruled the motion in limine. When trial commenced, appellant's counsel again moved to exclude such testimony. The trial court overruled the motion, but advised counsel that they could inquire as to whether appellant, in fact, had suffered from this condition during the accident. The trial court played the entire videotaped deposition of Dr. Maggiano, which contained reference to these complaints.

{¶ 7} At the close of the evidence, the jury returned a verdict for appellee. Appellant filed this timely appeal, raising two assignments of error for our review:

{¶ 8} "[1] The trial court abused its discretion to the prejudice of appellant in failing to exclude evidence of eye/sleep episodes of sleepiness experienced by appellant.

{¶ 9} "[2] The trial court abused its discretion to the prejudice of appellant in excluding evidence consisting of testimony of appellee at a prior trial."

{¶ 10} **Standard of Review**

{¶ 11} Appellant challenges the trial court's decision regarding the admissibility of certain evidence. We review the trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 219, 24 O.O.3d 322, 436 N.E.2d 1008; *State v. Sledge,* 11th Dist. No. 2001–T–0123, 2003-Ohio-4100, 2003 WL 21782603, at ¶ 20. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Calderon,* 70 Ohio St.2d at 220, 24 O.O.3d 322, 436 N.E.2d 1008; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. A trial court's determination as to the admissibility of evidence is generally a matter within the sound discretion of the trial court. *Schaffter v. Ward* (1985), 17 Ohio St.3d 79, 80, 17 OBR 203, 477 N.E.2d 1116. Therefore, unless a trial court has clearly abused its discretion and a party has been materially prejudiced, the trial court's determination will not be reversed on appeal. *State v. Maurer* (1984), 15 Ohio St.3d 239, 265, 15 O.B.R. 379, 473 N.E.2d 768.

{¶ 12} **Admissibility of Evidence**

{¶ 13} In her first assignment of error, appellant contends that the trial court abused its discretion by allowing Dr. Maggiano to testify regarding her physical complaints of sleepiness and an eye disorder from which she suffered while talking or driving. Appellant maintains that since there was no evidence presented at trial to show that she was suffering from an eye/sleep episode at the time of the accident, this evidence was irrelevant and prejudicial and should have been excluded under Evid.R. 402 and 403. Because we find that this evidence was relevant and that appellant was not materially prejudiced by this evidence, we conclude that appellant's argument is without merit.

{¶ 14} "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Pursuant to Evid.R. 403, relevant evidence is excluded if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

{¶ 15} At the outset, we note that the evidence relating to the physical complaints and symptoms appellant had told her treating physician about on the day of the accident (her eye/sleep disorder) must be deemed relevant since these conditions could have potentially affected her vision and driving capabilities. We must next determine whether such evidence was prejudicial and should have been excluded under Evid.R. 403.

{¶ 16} Appellant argues that the inclusion of this evidence was prejudicial and an abuse of discretion. However, "[e]xclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under [Evid.R.] 403. Emphasis must be placed on the word 'unfair.' Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect." *Hampton v. Saint Michael Hosp.*, 8th Dist. No. 81009, 2003-Ohio-1828, 2003 WL 1848772, at ¶ 55.

{¶ 17} We are unwilling to find that this evidence was unduly prejudicial. To begin with, appellant's counsel opened the door to this testimony by asking Dr. Maggiano about these visual complaints that appellant related to her on the day of the accident. Furthermore, when Dr. Maggiano's testimony is read as a whole, it is apparent that her testimony was helpful to appellant's case.

{¶ 18} Dr. Maggiano's videotaped testimony was being offered to demonstrate her care and treatment of appellant and to show the extent of appellant's injuries following the collision. Dr. Maggiano opined that the collision had worsened appellant's multiple sclerosis and that as a result of the accident, appellant had experienced greater spasticity in her legs. Specifically, with respect to the testimony regarding the eye/sleep episode, Dr. Maggiano's testimony barely touched on this issue. She merely stated that when she saw appellant on the day of her accident, appellant told her about these physical complaints. Dr. Maggiano also stressed that appellant was alert during her office visit and that she showed no sensory difficulties or visual-field deficits. In addition, Dr. Maggiano testified that appellant's physical condition would not have prevented her from being able to distinguish between a green arrow and a green light. Thus, Dr. Maggiano's testimony cannot be deemed prejudicial since she actually helped to refute that there was any physical impediment that contributed to appellant's being unable to correctly see the color of the traffic light at the time of the accident.

{¶ 19} Moreover, because these physical complaints were part of appellant's medical history and because they were placed at issue, appellant's counsel could have mitigated any prejudicial impact posed by this evidence by simply asking appellant whether she had, in fact, suffered an eye or sleep disturbance at the time she was involved in the collision. However, this question was never posed to appellant. Rather, it was appellant's own counsel who asked Dr. Maggiano during her videotaped deposition the questions pertaining to the eye/sleep disturbances. Under these circumstances, we find no abuse of discretion in the admission of this evidence.

{¶ 20} Accordingly, we overrule appellant's first assignment of error.

{¶ 21} In her second assignment of error, appellant contends that the trial court abused its discretion in not allowing her to use appellee's testimony from the first trial, when a mistrial was declared, to impeach him at the second trial. Appellant intended to use the prior testimony to impeach appellee's credibility regarding what time the accident had occurred in an attempt to show that he was in a hurry at the time of the collision. For support, appellant says such evidence is admissible under Evid.R. 801(D)(1)(a), 801(D)(2), and 613.

{¶ 22} The trial court excluded this testimony based on its decision that any reference to the mistrial would be prejudicial to the case and could serve only to confuse and mislead the jury. As previously stated, the admissibility of evidence lies within the sound discretion of the trial court. *State v. Robb* (2000), 88 Ohio St.3d 59, 69, 723 N.E.2d 1019. We find that it was within the trial court's discretion to exclude this testimony.

{¶ 23} Appellant was able to elicit from appellee in his testimony that he may have been exceeding the speed limit at the time of the collision and that he was on his way to the mall that evening to buy his wife an anniversary gift. Based upon this testimony, in closing, appellant's counsel made the argument that appellee was driving at an excessive speed and was rushed at the time of the collision. Even though appellant's counsel was not able to use evidence from the first trial, he was still able to make this point, and, in fact, did so in his closing. The exclusion of this evidence can hardly be considered prejudicial error.

{¶ 24} We overrule appellant's second assignment of error.

{¶ 25} Accordingly, we affirm the decision of the Trumbull County Court of Common Pleas.

Judgment affirmed.

O'TOOLE, J., concurs.

O'NEILL, J., concurs in judgment only.