[Cite as *Lawson v. Lawson*, 2013-Ohio-4687.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BRIAN D. LAWSON | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 13-CA-8 |
| PATRICIA A. LAWSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Domestic Relations
Division, Case No. 06-DR-00087

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 21, 2013

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

MICHAEL J. DELLIGATTI          RICHARD F. SWOPE
500 South Front Street, Suite 1150     Swope and Swope - Attorneys at Law
Columbus, Ohio 43215          6480 East Main Street, Suite 102
                    Reynoldsburg, Ohio 43068

Guardian ad Litem

ROBERT MORRIS
138 East Main St., P.O. Box 658
Hebron, Ohio 43025-0658

*Hoffman, P.J.*

{¶1}   Defendant-appellant Patricia A. Lawson appeals the March 19, 2012 Opinion entered by the Licking County Court of Common Pleas, Domestic Relations Division, which overruled her objections to the magistrate's May 19, 2011 decision, and approved and adopted said decision as order of the court.  Plaintiff-appellee is Brian D. Lawson.

STATEMENT OF THE CASE AND FACTS

{¶2}   Appellee and Appellant were married on September 18, 1993, in Columbus, Ohio. Two children were born as a result of the marriage, Garrett (born 10/19/1998) and Gabriel (born 3/14/2003).   Via Judgment Entry Decree of Divorce filed February 1, 2008, the trial court granted the parties a divorce on the grounds of incompatibility; awarded custody of the two children to Appellee; ordered Appellant to pay child support; fixed companionship; and divided the property.

{¶3}   During the divorce proceedings, Appellant resided in the marital residence in Pataskala, Ohio.  Appellee was residing in a temporary residence.  Pursuant to the divorce decree, the marital residence was sold.  Appellee purchased a residence in Galloway, Franklin County, Ohio, where he and the children continue to reside. Appellee notified the trial court and Appellant of the change of address.  Appellee's moving was discussed during the divorce proceedings.  As a result of the move, the parties' children changed school districts.  Appellant moved to Grove City, Ohio, to be closer to the children.  Due to Appellee's work schedule, his parents transport the children to and from school and also provide morning and afterschool care as well as

summer care. The children spend approximately 3 hours per day with their grandparents during the school year.

{¶4} Post-decree, the parties filed the following motions:

{¶5} Appellant's motion to modify child support and for counseling, filed April 28, 2008;

{¶6} Appellant's motion for contempt, filed July 30, 2008;

{¶7} Appellee's motion for citation in contempt, to enforce property settlement payments and attorney fees, filed August 11, 2008;

{¶8} Appellee's motion for attorney fees, filed July 22, 2009;

{¶9} Appellant's motion to change custody, filed December 19, 2009.

{¶10} Appellee's motion for citation in contempt for non-payment of child support, filed May 26, 2010; and

{¶11} Appellant's motion to reduce arrearages to judgment, filed June 16, 2010.

{¶12} Appellant filed for bankruptcy, which stayed the matter. The motions were ultimately heard by the magistrate over the course of four days, December 20, 21, 22, and 23, 2010. The magistrate issued his decision on May 19, 2011. The magistrate recommended the trial court deny all of Appellant's motions. Appellant filed objections to the magistrate's decision. Via Opinion filed March 19, 2012, the trial court overruled all of Appellant's objections to the magistrate's decision, and approved and adopted said decision as order of the court.

{¶13} It is from the March 19, 2012 Opinion Appellant appeals, raising the following as error:

{¶14} "I. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN OVERRULING OBJECTIONS TO ADMISSION OF DOCUMENTS RELATING TO MOTIONS FOR NEW TRIAL, APPEAL, MOTION TO CHANGE VENUE AND CIVIL PROTECTION ORDER, PERMITTING CROSS-EXAMINATION ON SUCH MATTERS AND ALLOWING THE GUARDIAN AD LITEM TO EXPRESS OPINIONS WHICH HE WAS NOT QUALIFIED TO EXPRESS.

{¶15} "II. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION BY NOT MAKING SPECIFIC FINDINGS OF FACT DEVELOPED IN THE IN-CAMERA INTERVIEW OF THE TWO MINOR CHILDREN AND IN SEALING THE RECORD OF THE PROCEEDING, DENYING DEFENDANT-APPELLANT VITAL FACTS NECESSARY TO PRESENT OBJECTIONS AND VIOLATING DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS CONTRARY TO THE 5TH AND 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶16} "III. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN FINDING THE BENEFIT OF THE CHANGE OF CUSTODY WOULD NOT OVERRIDE THE DAMAGE CAUSED BY THE CHANGE OF CUSTODY AND IN NOT SUSTAINING THE MOTION TO CHANGE CUSTODY.

{¶17} "IV. THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN NOT MODIFYING THE COMPANIONSHIP SCHEDULE TO PROVIDE DEFENDANT-APPELLANT WITH MORE TIME WITH THE CHILDREN.

{¶18} "V. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN FINDING PLAINTIFF-APPELLEE HAD ADEQUATELY

MANAGED AND ASSESSED THE CARE FOR CHRONIC HEALTH CONDITIONS OF THE CHILDREN.

{¶19} "VI. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN FINDING PLAINTIFF-APPELLEE HAS ADEQUATELY MANAGED THE CHILDREN'S SCHOOL AND EDUCATION RELATED NEEDS AND ACTIVITIES, THEREBY DENYING CHANGE OF CUSTODY.

{¶20} "VII. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN FINDING THE ORDER TO PAY SUMS ON THE FIRST AND SECOND MORTGAGES AND MAINTENANCE WERE NOT IN THE WAY OF AND IN LIEU OF CHILD SUPPORT, THIS COURT HAVING ONLY DETERMINED A CONTEMPT FOR NON-PAYMENT, NOT THE NATURE OF THE ORDER.

{¶21} "VIII. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN NOT FINDING PLAINTIFF–APPELLEE'S ARRANGEMENT, MAKING GRANDPARENTS RESPONSIBLE FOR MORNING AND EVENING CARE WHILE PLAINTIFF-APPELLEE GOES TO AND FROM WORK AND DURING SUMMER BREAK, IS A DETRIMENT TO THE CHILDREN, SINCE DEFENDANT-APPELLANT, A YOUNG CAPABLE MOTHER, IS AVAILABLE MORNINGS, EVENINGS AND MUCH OF THE SUMMER, TO CARE FOR THE CHILDREN, ALL OF WHICH MANDATE A CHANGE OF CUSTODY.

{¶22} "IX. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN RULING THE USE OF SPANKING A PROPER HUMANE METHOD OF DISCIPLINE, IT BEING UNREASONABLE TO STRIKE A MINOR CHILD

OF THE AGE AND CONDITION OF THE CHILDREN IN THIS CASE, ALL OF WHICH REQUIRE A CHANGE OF CUSTODY.

**{¶23}** "X. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN FINDING PLAINTIFF-APPELLEE WAS MORE LIKELY TO FACILITATE COMPANIONSHIP BASED ON AN OUTDATED, UNAUTHENTICATED, ALLEGED EXCHANGE BETWEEN PARENTS, THERE BEING NO EVIDENCE DEFENDANT-APPELLANT HAD INTERFERED WITH COMPANIONSHIP.

**{¶24}** "XI. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN DENYING DEFENDANT-APPELLANT'S MOTION TO REDUCE CHILD SUPPORT WHEN THE FACTS WARRANTED A DEVIATION FROM A STANDARD CHILD SUPPORT WORKSHEET ORDER OF CHILD SUPPORT AND IN DENYING DEFENDANT-APPELLANT ADDITIONAL TIME WITH HER CHILDREN.

**{¶25}** "XII. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN DENYING A REQUEST FOR ADDITIONAL COUNSELING FOR THE CHILDREN.

**{¶26}** "XIII. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN ORDERING DEFENDANT-APPELLANT TO PAY 60% OF THE GUARDIAN AD LITEM'S FEES, DEFENDANT-APPELLANT HAVING CONSISTENTLY OPPOSED APPOINTMENT BASED ON A LACK OF NEED FOR A GUARDIAN AD LITEM.

**{¶27}** "XIV. THE MAGISTRATE AND TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN RECOMMENDING A PURGE ORDER THAT WAS BEYOND DEFENDANT-APPELLANT'S FINANCIAL ABILITY TO MEET.

**{¶28}** "XV. THE MAGISTRATE'S AND TRIAL COURT'S DECISIONS ARE CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶29}** Any other relevant facts necessary for the disposition of Appellant's assignments of error shall be contained therein.

I

**{¶30}** In her first assignment of error, Appellant contends the magistrate and the trial court erred and abused their discretion in overruling objections to admission of documents relating to motions for new trial, appeal, motion to change venue and civil protection order, permitting cross-examination on such matters and allowing the guardian ad litem to express opinions which he was not qualified to express.

**{¶31}** Under this assignment of error, Appellant raises seven sub-assignments of error:

**{¶32}** a). The Magistrate and Trial Court abused their discretion in overruling objection to cross-examining witnesses about a Civil Protection Order filed in Franklin County;

**{¶33}** b). The Magistrate and Trial Court erred and abused their discretion in overruling objection to questioning the Guardian ad Litem as to determination of issues of effect of a change of custody;

**{¶34}** c). The Magistrate and Trial Court erred and abused their discretion in overruling an objection to an improper questioning [sic], asking the Guardian ad Litem to give an opinion which he was not qualified to give and which was the ultimate issue reserved to the Court;

**{¶35}** d). The Magistrate and Trial Court erred and abused their discretion in allowing Plaintiff-Appellee to utilize court rulings on motion for new trial, removal motion, protective orders and appeals;

**{¶36}** e). The Magistrate and the Trial Court erred and abused their discretion in admitting Plaintiff-Appellee's Exhibits C-3, C-4 and C-5;

**{¶37}** f). The Magistrate and Trial Court erred and abused their discretion in admitting Plaintiff-Appellee's Exhibit F-2 containing e-mails;

**{¶38}** g). The Magistrate and Trial Court erred and abused their discretion in excluding Defendant-Appellant's Exhibit 2.

**{¶39}** 1. Admission of Evdience – Subassignments 1(a), 1(d), and 1(f)[1]

**{¶40}** The trial court has broad discretion in the admission and exclusion of evidence. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967). The trial court's decision on whether to admit or exclude evidence will be upheld absent an abuse of discretion. *Shull v. Itani,* 11th Dist. No.2002-L-163, 2004-Ohio-1155, at ¶ 39. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A judgment will not be reversed on appeal unless the trial court has abused its discretion and a party has been materially prejudiced. *Davis v. Killing,* 171 Ohio App.3d 400, 870 N.E.2d 1209, 2007-Ohio-2303, at ¶ 11. (Citation omitted.) Therefore, we must first make a determination as to whether the trial court abused its discretion when it allowed the introduction of evidence at trial. If we determine that the trial court did abuse its

---

[1] It appears Appellant meant for this to be subassignment 1(e).

discretion, we must resolve whether the substantial rights of Appellant were undermined by the admission of such evidence.

**{¶41}** Appellant submits the evidence admitted by the trial court, which is the subject of subassignments of error 1(a), 1(d), and 1(f), dealt with previous judicial matters which were not relevant to a determination of the issues before the trial court. Appellant contends Appellee introduced this evidence for the sole purpose of attacking her character. Appellee counters the evidence of the previous judicial matters was not only necessary to prove or disprove the issues in this case, but also to support and substantiate Appellant's pattern of conduct throughout the divorce proceeding.

**{¶42}** Assuming, arguendo, the trial court's admission of the evidence was an abuse of discretion, we find Appellant has failed to establish how she was prejudiced by the admission of the evidence in light of the totality of the otherwise admissible evidence presented.

**{¶43}** 2. Opinion of Guardian ad Litem – Subassignments 1(b) and 1(c)

**{¶44}** Appellant argues the trial court permitted the guardian ad litem to answer questions relative to the mental state and effects of the custody arrangement on the children, and such opinions were beyond the guardian's area of expertise.

**{¶45}** Initially, counsel for Appellee asked the guardian, "Okay. Now when investigating this, do you believe the boys are thriving in their current living arrangements with [Appellee]?" The trial court overruled Appellant's objection to the question. When instructed to answer the question, the guardian stated, "Don't know your definition of thriving." Counsel for Appellee rephrased the question, "Do you believe the boys are not being properly cared for when they're with [Appellee] under the

current orders of the Court as they're set forth in the decree?" Appellant did not object, and the guardian answered the question. Counsel for Appellee subsequently asked the guardian, "Did you receive in your investigation or in any of your investigation process information, depositions, interviews with the parties, any information that would cause you to determine the harm caused by a change of the children's current environment is outweighed by the advantage of a change in environment; that would be custody going to [Appellant]?" Again, Appellant did not object to this question.

**{¶46}** We find error, if any, in the trial court's admission of the testimony of the guardian ad litem was waived as Appellant failed to object to guardian ad litem's testimony or to the introduction of his report.

**{¶47}** 3. Admission of E-mails – Subassignment 1(f)[2]

**{¶48}** Appellant asserts the trial court erred in admitting e-mails she sent to Appellee as such evidence was not properly authenticated pursuant to Evid. R. 901. Appellant explains when Appellee questioned her about the e-mails, she could not recall writing or receiving them; therefore, the evidence was not properly authenticated.

**{¶49}** Upon review of the record, we find Appellant's argument to be disingenuous. Appellant introduced certain e-mails she sent to Appellee and testified Appellee received all of those e-mails. However, when Appellee presented e-mails he received from Appellant, she could not recall writing or sending these e-mails. Appellant's e-mail address was the same on both groups of documents.

**{¶50}** Appellant's first assignment of error is overruled.

---

[2] Appellant never addressed subassignment 1(g).

II

{¶51} In her second assignment of error, Appellant submits the magistrate and the trial court erred and abused their discretion by failing to make specific findings of fact developed in the in-camera interview of the parties' minor children, and in sealing the record of the proceeding which denied Appellant vital facts necessary to present objections, and violated her right to due process.

{¶52} R.C. 3109.04, which addresses in-camera interviews, provides:

(2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply: * * *

(c) The interview shall be conducted in chambers, and no person other than the child, the child's attorney, and judge, any necessary court personnel, and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview.

(3) No person shall obtain or attempt to obtain from a child a written or recorded statement or affidavit setting forth the child's wishes and concerns regarding the allocation of parental rights and responsibilities concerning the child. No court, in determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child or for purposes of resolving any issues related to the making of the allocation, shall accept or consider a written or recorded statement or affidavit that purports to set forth the child's wishes and concerns regarding those matters.

**{¶53}** This Court has interpreted sections (2)(c) and (3) of R.C. 3109.04 to mean in-camera interviews are to remain confidential. *Myers v. Myers*, 170 Ohio App.3d. 436, 2007-Ohio-66; *Linger v. Linger* (June 30, 1993), Licking App. 92–CA–120, 1993 WL 274318 .

**{¶54}** In *Myers*, we explained:

This reasoning is in conformity with the general proposition that the overriding concern of courts in custody cases must be the best interests of the child, which may, at times, conflict with the due-process rights of the parents. However, due process is a flexible concept and only requires the procedural protection that a particular situation warrants. *Mathews v. Eldridge* (1976), 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18. The due-process rights of the parents must, therefore, be balanced against the best interests of the child.

The requirement that the in camera interviews be recorded is designed to protect the due-process rights of the parents. The due-process protection is achieved in this context by sealing the transcript of the in camera interview and making it available only to the courts for review. This process allows appellate courts to review the in camera interview proceedings and ascertain their reasonableness, while still allowing the child to "feel safe and comfortable in expressing his opinions openly and honestly, without subjecting the child to any additional psychological trauma or loyalty conflicts." See House, Considering the

Child's Preference in Determining Custody: Is It Really in the Child's Best Interest?, 19 J.Juv.L. 176 (1998), 186. *Id.* at para. 49 - 50.

{¶55} The trial court granted Appellant's request for an in-camera interview of the children. Both parties submitted questions to be posed to the children. Prior to the interview, the trial court explained the procedure in open court to Appellant and Appellee as well as the guardian ad litem. The trial court informed the parties and the guardian ad litem it would not divulge the specific conversation between the court and the children. Appellant did not object to any aspect of the procedure. The guardian ad litem was present during the interview. Neither the parties nor their attorneys were permitted to be present during the interview. The trial court ordered the record of the interview be sealed.

{¶56} We find Appellant has failed to demonstrate how her due process rights were violated or how she was prejudiced from the information elicited during the in-camera interview. This Court's review of the in-camera interview of the children protects Appellant's rights while at the same time ensures the children's statements made during the interview remain confidential. We find the trial court's decision to maintain the status quo with respect to Appellee remaining the residential parent is supported by the record.

{¶57} Furthermore, we find the interviews of the children were conducted pursuant to R.C. 3109.05; therefore, are confidential and are not to be disclosed to the parents. Appellant does not have the right of access to the sealed transcript of the in-camera interview between the children and the trial court. *Beil v. Bridges* (July 13, 2000), Licking App. No. 99CA00135, 2000 WL 977221 (holding the sealing of

transcripts of children's in-camera interviews did not violate the parents' due process rights).

{¶58} Appellant's second assignment of error is overruled.

III

{¶59} In her third assignment of error, Appellant argues the magistrate and the trial court erred and abused their discretion in finding the benefit of the change of custody would not override the damage caused by the change of custody.

{¶60} The power of a court to modify an existing custody decree is provided in R.C. 3109.04(E)(1)(a), which states, in pertinent part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies: * * *
>
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶61} A trial court's decision to modify custody pursuant to this statute will not be disturbed on appeal absent an abuse of discretion. This standard of review is applied

because it is imperative trial courts are given wide latitude in these cases. *Davis v. Flickinger,* 77 Ohio St.3d 415 (1997).

**{¶62}** The trial court found Appellee's relocation with the children to Galloway, Ohio, in western Franklin County from Pataskala, in western Licking County, constitutes a change of circumstances. The trial court further found "the impact of the relocation has not been as acutely detrimental to the children as has been characterized by [Appellant]. The evidence admitted into the record in fact established that the relocation has been a positive change." Magistrate's May 19, 2011 Decision.

**{¶63}** In her Brief to this Court, Appellant essentially blames Appellee's relocation for Garrett's educational struggles. Appellant states she would be able "to provide not only constant aid, but to engage Sylvan and deal with Garrett's problems." Appellant's Brief at 12. Additionally, she insists she can provide more to Gabriel to meet the challenges he faces because of his attention deficit disorder.

**{¶64}** After reviewing the record, we find the trial court did not abuse its discretion in denying Appellant's motion for change of custody. Garrett's educational difficulties did not result from the move. The parties were addressing his issues prior to the divorce. Garrett had an IEP through his new school, but had also had one at his school in Licking County. At the hearing, Appellant conceded Garrett is currently doing better with his studies than he has in the past. Likewise, Gabriel's issues did not result from the move. Appellant did not present any evidence to establish how the best interests of the children would be served by changing custody.

**{¶65}** Appellant's third assignment of error is overruled.

IV

{¶66} In her fourth assignment of error, Appellant asserts the magistrate and the trial court erred and abused their discretion in failing to modify the companionship schedule to provide Appellant with more time with the children. Specifically, Appellant submits because the trial court did not modify the custody order, she should have been given additional visitation with the children.

{¶67} It is well established that the trial court has broad discretion in determining matters related to visitation. See *Appleby v. Appleby* (1986), 24 Ohio St.3d 39, 24 OBR 81, 492 N.E.2d 831. In modifying visitation, the trial court is granted discretion limited only by the child's best interest. *Johntonny v. Malliski* (1990), 67 Ohio App.3d 709, 713, 588 N.E.2d 200. An appellate court reviews a trial court's determination of visitation rights under an abuse of discretion standard. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. Furthermore, if a trial court's determination is supported by competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, and *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273.

{¶68} A review of the record reveals Appellant never requested additional companionship as an alternative to her motion for change of custody. We find the trial court did not abuse its discretion in failing to sua sponte increase her companionship schedule.

{¶69} Appellant's fourth assignment of error is overruled.

V

{¶70}  In her fifth assignment of error, Appellant maintains the magistrate and the trial court erred and abused their discretion in finding Appellee adequately managed and assessed the care of the children's chronic health conditions.

{¶71}  Appellant failed to present any evidence Appellee did not adequately manage or assess the children's health conditions.  In fact, the record reveals the opposite.  Dr. Ro's deposition testimony, as well as the children's health care records, establish Appellee is diligent in ensuring the children attend scheduled appointments, and is compliant in following health care orders and recommendations.

{¶72}  Appellant's fifth assignment of error is overruled.

VI

{¶73}  In her sixth assignment of error, Appellant submits the magistrate and the trial court erred and abused their discretion in finding Appellee adequately managed the children's school and educational needs and activities.

{¶74}  A review of the record belies Appellant's assertion.  While Garrett's grades were initially lower after the relocation, Appellee worked with school officials and Garrett was placed on an IEP, Independent Education Plan.  Appellee complied with all the recommendations and acted in accordance with the suggestions of the school officials.

{¶75}  Appellant's sixth assignment of error is overruled.

VII

{¶76}  In her seventh assignment of error, Appellant contends the magistrate and the trial court erred and abused their discretion in finding the order to pay sums on the first and second mortgages and maintenance were not in the way of and in lieu of child

support, this Court having only determined a contempt for non-payment, not the nature of the order in *Lawson v. Lawson*, Licking App. No. 08-CA-37, 2009-Ohio-248.

**{¶77}** Appellant argues she was left with a deficit of over $10,000.00 as the result of Appellee's failure to follow the temporary orders.   Appellant adds the Bankruptcy Court looked at the order to determine whether it was an order of support, thereby affecting whether it could be discharged.   Appellee contends this Court's decision in *Lawson,* supra, spoke to both the nature of the order and the contempt for the non-payment.   Appellee adds Appellant's failure to seek further appeal of this Court's decision regarding the nature of the order renders her argument moot as untimely.

**{¶78}** In her appeal from the trial court's February 1, 2008 Judgment Entry/Decree of Divorce, Appellant argued "the trial court abused its discretion when it did not find Appellee to be in contempt for failing to pay 40 percent of the mortgage payments and expenses, even though he admitted to nonpayment from April to October, 2007."   Appellant filed a second contempt motion on this issue while the appeal was pending.

**{¶79}** In *Lawson*, we found:

> The record reflects that Appellee did not pay the 40 percent of the
> mortgage payments pursuant to Temporary Orders issued on May 24,
> 2006, due to an agreement reached between the parties at a status
> conference. Appellee testified that when this agreement was later reduced
> to writing, Appellant refused to sign the agreement. Appellant testified and
> denied the existence of an agreement modifying the temporary orders

relieving Appellee of his responsibility to pay the mortgage payment and also denied any knowledge of a written agreed entry modifying the temporary orders regarding the mortgage payment. *Id.* at para. 59.

**{¶80}** We concluded the trial court did not abuse its discretion in denying Appellant's contempt motion, noting "the trial court was in the best position to judge the credibility of the parties and to determine whether Appellee violated a court order." *Id.* at para. 60. In light of this decision, the trial court found Appellant presented "an insufficient amount and quality of evidence . . . to establish the merit" of her second motion.

**{¶81}** Based upon the record and our prior decision in *Lawson*, supra, we cannot find that the court abused its discretion in dismissing Appellant's second motion for contempt on the same issue.

**{¶82}** Appellant's seventh assignment of error is overruled.

VIII

**{¶83}** In her eighth assignment of error, Appellant argues the magistrate and the trial court erred and abused their discretion in not finding Appellee's arrangement of having his parents provide before and after school care as well as summer care was detrimental to the children in light of the fact she is a young, capable mother who is available mornings and evenings and much of the summer to care for her children.

**{¶84}** Appellant has failed to point to any evidence which establishes the amount of time the children spend with their paternal grandparents was not in their best interests or has, in any way, negatively impacted their lives.

**{¶85}** Appellant's eighth assignment of error is overruled.

IX

**{¶86}** In her ninth assignment of error, Appellant asserts the magistrate and the trial court erred and abused their discretion in ruling the use of spanking a proper humane method of discipline, it being unreasonable to strike a minor child of the age and condition of the children in this case, all of which require a change of custody.

**{¶87}** Appellee admitted one of the methods he uses for disciplining the children is to paddle their behinds with his hand, and such occurs no more than once a week. Appellee employs this method "when they're not doing what they've been told to do or when they're not paying attention or especially when they're doing something that's— that's dangerous. * * * an attention getter."

**{¶88}** Appellant explains one of the boys "sees a psychologist for Attention Deficit Disorder which results in the kind of conduct that brings about spanking." Brief of Appellant at 21. Appellant has failed to present any evidence to support her position. Further, Appellant has failed to present any evidence Appellee's spanking the children has a detrimental effect on the boys' health conditions.

**{¶89}** Appellant's ninth assignment of error is overruled.

X

**{¶90}** In her tenth assignment of error, Appellant maintains the magistrate and the trial court erred and abused their discretion in finding Appellee was more likely to facilitate companionship based on an outdated, unauthenticated, alleged exchange between the parties, there being no evidence Appellant interfered with Appellee's companionship.

{¶91} Appellant takes issue with the trial court's reference to a January, 2009 e-mail which she sent to Appellee subsequent to the filing of the divorce decree. Therein, Appellant revealed her goal was to see Appellee did not receive "one day of visitation with either child." Appellant claims this "outdated" e-mail should not be the basis for the trial court's decision.

{¶92} We find nothing in the record from which we could reach the conclusion the trial court used the aforementioned e-mail as the basis for its decision. The trial court made this and numerous other findings as its reasons for finding a change of custody was not warranted. Furthermore, throughout the history of this case, Appellant interfered with Appellee's companionship time. This finding was neither unfair nor unjustified.

{¶93} Appellant's tenth assignment of error is overruled.

XI

{¶94} In her eleventh assignment of error, Appellant submits the magistrate and the trial court erred and abused their discretion in denying Appellant's motion to reduce child support when the facts warranted a deviation from a standard child support worksheet order of child support and in denying Appellant additional time with her children.

{¶95} R.C. 3119.79(A) states, in relevant part, as follows:

If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, *the court shall recalculate* the amount of support that would be required to be paid under the child support order in accordance with the

schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

{¶96} After recalculating the child support worksheet utilizing the parties' most recent income figures, the trial court found the change did not exceed ten percent; therefore, did not constitute a change of circumstances which warranted a modification of the original support order. We agree and find the trial court did not abuse its discretion in denying Appellant's request for modification of child support.

{¶97} Within this assignment of error, Appellant also argues the trial court abused its discretion in failing to increase her parenting time. This argument was addressed in Assignment of Error IV, supra.

{¶98} Appellant's eleventh assignment of error is overruled.

XII

{¶99} In her twelfth assignment of error, Appellant contends the magistrate and the trial court erred and abused its discretion in denying her request for additional counseling for the children. Appellant explains the struggles the children are having in school alone justify an order of counseling. Appellant adds, at the very least, the trial court should have order evaluations of the children. Appellant also notes Gabriel's

psychologist denied access of the child's records to all parties including the guardian ad litem.

{¶100} Upon review of the record, we find Appellant failed to present any evidence relative to the children's need for additional counseling. Appellee presented evidence of the counseling the children had had and were continuing to receive.

{¶101} Appellant's twelfth assignment of error is overruled.

XIII

{¶102} In her thirteenth assignment of error, Appellant argues the magistrate and the trial court erred and abused its discretion in ordering her to pay 60% of the guardian ad litem fees when Appellant consistently opposed the appointment of the guardian as unnecessary.

{¶103} The trial court found the guardian ad litem fees, which totaled $4,700.00, were reasonable and necessary for the services performed. The trial court ordered Appellee to be responsible for 40% of the fees, and Appellant responsible for the remaining 60%. A trial court has broad discretion when ordering the apportionment of guardian *ad litem* fees between the parties. *Davis v. Davis* (1988), 55 Ohio App.3d 196.

{¶104} In light of the significant difference between the parties' incomes, we find the trial court did not abuse its discretion in its apportionment of the guardian ad litem fees.

{¶105} Appellant's thirteenth assignment of error is overruled.

XIV

{¶106}  In her fourteenth assignment of error, Appellant asserts the magistrate and the trial court erred and abused its discretion in recommending a purge order which was beyond her financial ability to meet.

{¶107}  Contempt may be classified as either criminal or civil in nature. *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 254, 416 N.E.2d 610. A civil contempt citation is used to force compliance with a court order or judgment whereas a criminal contempt citation is imposed solely for the purpose of punishment. *Id.*

{¶108}  Although both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. *State v. Kilbane* (1980), 61 Ohio St.2d 201, 205, 400 N.E.2d 386. "The purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 58, 271 N.E.2d 815. Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. *Brown,* supra, at 253, 416 N.E.2d 610. Prison sentences are conditional. *Id.* The contemnor is said to carry the keys of his prison in his own pocket, since he will be freed if he agrees to do as ordered. *Id.* (Citation omitted). Contempt can only occur, however, "where the contemnor has the power to perform the act listed in the court order but fails to do so." *Schaefer v. Schaefer,* 2d Dist. No.2004–CA–65, 2005–Ohio–3063, ¶ 13, citing *Wilson v. Columbia Cas. Co.* (1928), 118 Ohio St. 319, 328–329, 160 N.E. 906.

{¶109} Failure to pay court-ordered child support constitutes civil contempt. R.C. 2705.031; *Herold v. Herold,* 10th Dist. No. 04AP-206, 2004-Ohio-6727, at ¶ 25.

{¶110} "A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order." *Wolf v. Wolf,* 1st Dist. No. C–090587, 2010–Ohio–2762, ¶ 4. "Clear and convincing evidence is the standard of proof in civil contempt proceedings." *Flowers v. Flowers,* 10th Dist. No. 10AP–1176, 2011–Ohio–5972, ¶ 13.

{¶111} Here, Appellant does not dispute the existence of a court order requiring her to pay child support.  Appellant argues she is financially strapped, and the purge order is "punishment since [she] could not meet this obligation."

{¶112} Appellant earned between $90,000 and $100,000/year.  Appellant did not present any evidence to substantiate her claim she is financially strapped.  Based upon the evidence in the record, we find the trial court did not abuse its discretion in adopting the magistrate's recommended purge order.

{¶113} Appellant's fourteenth assignment of error is overruled.

XV

{¶114} In her final assignment of error, Appellant maintains the magistrate's and the trial court's decisions to deny her request for change of custody are contrary to law and against the manifest weight of the evidence.

{¶115} For the reasons set forth in our analyses of Appellant's assignments of error I –XIV, we find the trial court's denial of Appellant's request for change of custody was neither contrary to law nor against the manifest weight of the evidence.

{¶116} Appellant's fifteenth assignment of error is overruled.

{¶117} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Wise, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BRIAN D. LAWSON                         :
                                        :
    Plaintiff-Appellee                  :
                                        :
-vs-                                    :             JUDGMENT ENTRY
                                        :
PATRICIA A. LAWSON                      :
                                        :
    Defendant-Appellant                 :             Case No. 13-CA-8


For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to Appellant.



_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY