[Cite as *Kiger v. Jackson*, 2016-Ohio-572.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| ROBERT L. KIGER | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| JOSEPH H. JACKSON | : | | Case No. 15-CA-45 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                  Municipal Court, Case No. 14-CVE-
                                  02150


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 February 12, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT L. KIGER, pro se                   DAVID B. STOKES
1115 West Main Street                     33 West Main Street, Suite 102
Newark, Ohio 43055                        Newark, Ohio 43055

*Baldwin, J.*

{¶1} Defendant-appellant Joseph Jackson appeals from the May 28, 2015 Judgment Entry of the Licking County Municipal Court granting judgment in favor of plaintiff-appellee Robert Kiger  and against defendant-appellant in the amount of $9,500.00.

STATEMENT OF THE FACTS AND CASE

{¶2} On or about June 4, 2014, appellant, who was operating a motor vehicle, struck appellee who was in a crosswalk. On October 28, 2014, appellee filed a complaint against appellant, seeking damages. Appellant filed an answer to the complaint on December 18, 2014.

{¶3} A bench trial was held on April 9, 2015 at which appellee represented himself.  At the bench trial, appellee, who operates a motorcycle repair business, testified that he was not able to work on motorcycles due to the accident until the end of September of 2014 and that he did not get on a motorcycle because he did not have any sense of balance. Appellee testified that he was in the crosswalk when appellant hit him and that his insurance company paid all of his medical bills, which were over $50,000.00. When asked by the trial court what damages he was seeking, appellee responded as follows:

> MR. KIGER:   I am seeking damages I am seeking for
>
> three months of lost wages that I could not perform that I knew
>
> that I would have been able to make and I just the day when I
>
> went they say this is the most that you can get out of it and

the $15,000.00 is not going to I mean it is not going to kill me but it would have helped me through the winter months I starve. I don't have no bike business. I don't do anything. It is hard for me to make a living so I have to depend on my summer income for my winter living and that's been rough on me this winter because the money I could have got from the investment that I made in 2013 in this PC equipment sat there…

{¶4} Transcript at 12-13. According to appellee, he lost at least $5,000.00 a month for three months during his busy summer season. Appellee further testified that he was seeking damages for his pain and suffering. According to appellee, he continued having dizzy spells.

{¶5} On cross-examination, appellee admitted that his daughter wrote a letter to defense counsel stating that, due to the accident, appellee's lost income in June of 2014 was $2,500.00, in July of 2014 was $2,400.00, and in August of 2014 was $2,100.00, for a total of $7,000.00. Appellee testified that he could have made an extra $5,000.00 or $4,000.00 a month using the Dyno machine, which is a type of computer.

{¶6} At the request of defense counsel, appellee brought his 2011 through 2014 federal tax returns to trial. Appellee testified that his 2011 return shows gross income for 2011 in the amount of $705.00 [1], his 2012 return shows that appellee's gross income was $9704.00, his 2013 return shows that appellee's gross income was $5,616.00 and his 2014 return shows his gross income was $10,925.00. According to appellee, he did not

---

[1] Appellee also received supplemental security income (SSI).

work in June, July and August of 2014 and made all of the money in 2014 starting in September of 2014.  According to appellee, "I made all of that money from September to October and into November that is how much more money I made in those few months from that machine that is what I am trying to state that I would have made that money." Transcript at 21. When asked why his bank statements from June, July and August of 2014 showed income, appellee testified that the statements reflected his company's income not taking into account expenses, not necessarily his own.  He testified that his daughter worked at his business in June, July and August of 2014, but that his Dyno machine was never run during such period.

{¶7}    A photograph of appellee after the accident was admitted as an exhibit.

{¶8}    Pursuant to a Judgment Entry filed on May 28, 2015, the trial court granted judgment in favor of appellee and against appellant in the amount of $9,500.00. Of this figure, $7,000.00 was for lost wages and $2,500.00 was for pain and suffering.

{¶9}    Appellant now raises the following assignments of error on appeal:

{¶10}  THE TRIAL COURT COMMITTED HARMFUL ERROR AND/OR ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTIONS AT TRIAL.

{¶11}  THE TRIAL COURT COMMITTED HARMFUL ERROR BY FINDING THAT THE CASE HEREIN IS ONE OF STRICT LIABILITY.

{¶12}  THE APPEALED-FROM JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE ADMISSIBLE EVIDENCE.

{¶13}  THE TRIAL COURT COMMITTED PLAIN ERROR BY UNDULY AIDING/REPRESENTING APPELLEE AND/OR AWARDING JUDGMENT TO APPELLEE.

I

{¶14} Appellant, in his first assignment of error, argues that the trial court erred in overruling appellant's objections at trial.

{¶15} The trial court has broad discretion in the admission and exclusion of evidence. *State v. Hymore,* 9 Ohio St.2d 122, 224 N.E.2d 126 (1967). The trial court's decision on whether to admit or exclude evidence will be upheld absent an abuse of discretion. *Shull v. Itani,* 11th Dist. Lake No.2002–L–163, 2004–Ohio–1155, at ¶ 39. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A judgment will not be reversed on appeal unless the trial court has abused its discretion and a party has been materially prejudiced. *Davis v. Killing,* 171 Ohio App.3d 400, 2007-Ohio-2303, 870 N.E.2d 1209, at ¶ 11. (Citation omitted.)

{¶16} At trial, appellee testified that after he got into the helicopter that life flighted him to the hospital after the accident, "the girl said, you know, you have severe head trauma…" Transcript at 6. Appellant then objected and the trial court overruled the objection. While appellant now argues that such statement was inadmissible hearsay, we find no prejudice. A photograph showing trauma to appellee's head was admitted as an exhibit. Appellee's medical records also state that he had abrasions to his head.

{¶17} Appellant also argues that the trial court erred in overruling his objection after appellee, in response to a question from the court asking him to describe his lost income, stated that "I am assuming that…" Transcript at 14. However, at the point the

objection was made, it was not clear what appellee was "assuming" and any inference is purely speculative. We find no error.

{¶18}  Appellant's first assignment of error is, therefore, overruled.

II

{¶19}  Appellant, in his second assignment of error, argues that the trial court erred by finding that the case sub judice was one of strict liability.

{¶20}  Appellant, in support of his argument, notes that while the complaint sounded in negligence, the trial court, after stating that it was taking the matter under advisement, stated as follows to appellee:

> THE COURT: …   It looks like an attorney prepared the complaint for you and assisted you in other ways but, you know, it is unfortunate because the accident clearly is not your fault.  <u>It is frankly a matter of strict liability on the part of the Defendant.</u>

{¶21}  Transcript at 27. (Emphasis added).

{¶22}  However, the only issue before the trial court was the issue of damages. Liability was never disputed by appellant at trial.

{¶23}  Based on the foregoing, appellant's second assignment of error is overruled.

III

{¶24}  Appellant, in his third assignment of error, contends that the trial court's judgment is against the manifest weight of the evidence.   As is stated above, the trial

court awarded appellee $7,000.00 for lost income and $2,500.00 for pain and suffering, for a total of $9,500.00.

{¶25} A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. An appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings. *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984).

{¶26} At trial, testimony was adduced that appellee's daughter sent defense counsel a letter in March of 2014 stating that appellee lost a total of $7,000.00 in wages from June of 2014 through August of 2014 due to the accident. Appellee testified that he purchased a Dyno machine in 2013 and that he could have made an extra $5,000.00 a month using the machine, but was unable to do so due to the accident. While appellee made $5.616.00 in 2013, in 2014 he made $10,925.00 even though he testified that he did not work in June, July and August of 2014. According to appellee, "I made all of that money from September to October and into November that is how much more money I made in those few months from that machine that is what I am trying to state that I would have made that money." Transcript at 21.

{¶27} With respect to pain and suffering, appellee testified that he still sometimes had dizzy spells due to his injury. A photograph of appellee's injury was admitted as an

exhibit. As is stated above, appellee, who was life flighted to hospital after the accident had medical bills in excess of $50,000.00.

{¶28} Based on the foregoing, we find that the trial court's judgment is not against the manifest weight of the evidence. The trial court, as trier of fact, was in the best position to assess credibility and clearly found appellee credible.

{¶29} Appellant's third assignment of error is, therefore, overruled.

IV

{¶30} Appellant, in his fourth assignment of error, claims that the trial court erred by "unduly aiding/representing appellee and/or awarding judgment to appellee."

{¶31} Appellant argues that the trial court interrogated appellee in an effort to help him. Pursuant to Evid.R. 614(B), a trial court "may interrogate witnesses, in an impartial manner, whether called by itself or by a party." Because Evid.R. 614(B) permits the trial court discretion to decide whether or not to question a witness, appellate courts must review the trial court's questioning under an abuse of discretion standard. *Brothers v. Morrone—O'Keefe Dev. Co. LLC,* 10th Dist. No 05AP–161, 2006–Ohio–1160, 2006 WL 620894, ¶ 10, citing *State v. Johnson,* 10th Dist. No. 03AP–1103, 2004–Ohio–4842, 2004 WL 2035321, ¶ 10.

{¶32} A trial court is obligated to control the proceedings before it, to clarify ambiguities, and to take steps to ensure substantial justice. *Brothers,* citing *State v. Stadmire,* 8th Dist. No. 81188, 2003–Ohio–873, 2003 WL 549912, ¶ 26. Accordingly, a trial court should not hesitate to pose pertinent and even-handed questions to witnesses. *Id.,* citing *Klasa v. Rogers,* 8th Dist. No. 83374, 2004–Ohio–4490, 2004 WL 1902539, ¶ 32. Further, a trial court enjoys even greater freedom in questioning witnesses during a

bench trial because the court cannot prejudicially influence a jury with its questions or demeanor. *Brothers,* citing *Klasa.*

{¶33}   Evid.R. 614(B), however, requires the trial court to question impartially and thus tempers a trial court's ability to question a witness. *Brothers* at ¶ 12. However, absent " ' "any showing of bias, prejudice, or prodding of a witness to elicit partisan testimony, it will be presumed that the trial court acted with impartiality [in propounding to the witness questions from the bench] in attempting to ascertain a material fact or to develop the truth." ' " *Id.,* quoting *State v. Baston,* 85 Ohio St.3d 418, 426, 709 N.E.2d 128 (1999), quoting *Jenkins v. Clark,* 7 Ohio App.3d 93, 98, 454 N.E.2d 541 (2d Dist.1982).

{¶34}  Upon our review of the transcript as a whole we find no evidence of bias, prejudice or prodding on the part of the trial court.

{¶35}  Appellant's fourth assignment of error is, therefore, overruled.

{¶36}  Accordingly, the judgment of the Licking County Municipal Court is affirmed.

By: Baldwin, J.

and Delaney, J. concur

Hoffman, P.J. concurs separately.

*Hoffman, P.J., concurring*

{¶37} I concur in the majority's analysis and disposition of Appellant's assignments of error. I write separately only to note I remain unpersuaded all decisions by a trial court concerning the admission or exclusion of evidence are subject to the trial court's broad discretion.